*17 OPINION of the Court, by
Ch. J. Boyle
This was an mdictmenu for . y . -, . obstructing the, surveyor Of a r ’ ‘ ’ On the trial k appeared, that the county court had established a road, which in was directed to nass *' from 1⅛ ibhc road in the execution of his duty *18 mouth oí Allison’s lane; to the mouth of Can ’s lane, and to intersect the Frankfort road near the mouth of Carr’s lane that a road about wide enough for a waggon to pass had been cleared and kept in repair purporting to be by virtue of the said establishment, and that w'nc-r? the surveyor was about to open that narrow way to the breadth of thirty feet, Ditto would not permit him tr. work upon that part of it which passed through his land,
Where a toad has been opened under an order of court, upon indictment for resift-i%g the over/éer in repairing and widening’ the road, the de. jendant cannot go into the inquiry whether the road was opened in a right line between two objects as the order directed*
The witnesses proved, that in their opinion, the road was nearly direct, but if any difference, that a direct, way írém the mouth of Allison’s lane, to the mouth of Carr’s lane, would pass further info Ditto’s land.
A verdict was found against Ditto, who then pro cured an actual survey and plat to be made, exhibiting the objects mentioned in the order establishing the road : and the place where the resistance was made to the sur veyor in opening it. From this plat, which was admitted to be correct, it appears that the witnesses were mistaken as to the course of the retad, as well as in their apprehensions that a direct line would pass further into Ditto’s land. Upon producing this additional evidence. Ditto moved for a new trial, but his motion was over ruled, and judgment rendered against him For the fine assessed by the jury. A writ of error prosecuted by Ditto having come on to be heard'at last term, and a decision given in his favor ; on the motion of the attorney general in behalf of the commonwealth, a rehearing was granted.
Upon the most careful examination of the subject, we are convinced, that the former opinion of this court is incorrect. It is predicated upon the idea, that the course of the road was material, and that the mistake of the witnesses as to its direction, could not have been reasonably anticipated by Ditto, and must have operated as a surprise.
The fact of the resistance to the surveyor, does not appear to have been controverted , and if to shew the illegality of the resistance, it were necessary on the part of the commonwealth to have proved, that the road attempted to be opened, passed in a direct line from one object to the other, mentioned in the order of establishment ; the production of such proof ought to have been expected by Ditto, «nd could not have surprised him. If relying upon the inability of the commonwealth to *19 produce evidence of this kind, Ditto failed to procure testimony which he had in his power, of the departure of the road from a direct line, on which he relied for hia justification or excuse, it cannot furnish a ground for a new trial.
The case of Cooke vs. Berry, 1 Wils. Rep. 98, strongly proves this position. That was assumpsit upon a promissory note ; the defendant pleaded accord and satisfaction and had a verdict; the plaintiff moved for a new trial, upon an affidavit that he took the plea to be a sham one, and . that he had a fetter of the defendant, acknowledging the money to be due on the note and that he would pay it, ijut which, letter the plaintiff did. not produce on the trial, thinking the plea was a sham, and that the defendant could not possibly prove it. ?ot the court overruled the motion for a new, trial and declared that new trials are never granted upon the motion of a party, where it appears he might have produced material evidence at the trial if it had not been his. own fault; because it would tend to introduce perjury, and there would neverbe an end to causes if opee a door was opened to such a practice — See also to this.purpose, 2 Salk. 647, 653, 1 Blac. Rep. 298, 1 Stra. 691. In the present case it is not pretended that Ditto could not have produced on the trial evidence of the fact upon, Which he relied on the motion ; in the nature of things it was practicable to have done so. The map could have been procured with as much facility before as after the trial, and its non production can be ascribed only to his negligence or inattention.
But an unanswerable objection to granting a new trial, is to be found ip the immateriality of the fact oa which the motion was founded.
That the place where Ditto resisted the surveyor, was out of a direct course front one object to the other, mentioned ⅛, the order establishing the road, though true in fact, would not legalize the resistance,
The road had been cleared and kept in repair under the order establishing it, and the surveyor when obstructed, was only opening it to the breadth that the law required. To indulge a presumption that every departure of a public road from a right line, was a departure from the ground on which it was located by its establishment, would be as contrary to law, as to sound policy j *20 siuch a doctrine, If established, would he utterly sut^ versive of the whole police of the country, with respect to public roads* Bat absurd and impolitic as this doctrine is, without its admission, the justification set up by Ditto, can receive no countenance*
Judgment affirmed.